UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4318

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ERASMO CASTENADA-ROJAS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (CR-04-94)

Submitted: September 28, 2005      Decided: October 26, 2005

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Erasmo Castenada-Rojas pled guilty without the benefit of a plea agreement to illegal reentry following a conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a), (b)(2) (2000); and possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5), 924 (2000). Castenada-Rojas was sentenced in February 2005, after the decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). The district court sentenced Castenada-Rojas to seventy four months' imprisonment. He appeals, claiming his sentence is unreasonable. He alleges the district court relied exclusively on the sentencing range provided for by <u>United States Sentencing Guidelines Manual</u> Ch. 5, Pt. A (2004).

After <u>Booker</u>, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-<u>Booker</u>, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). <u>Hughes</u>, 401 F.3d at 546. A post-<u>Booker</u> sentence will be affirmed if it is both reasonable and within the statutorily prescribed range. <u>Id.</u> at 546-47. Further, "while we believe that the appropriate circumstances for imposing a sentence outside the guideline range will depend on the facts of individual cases, we have no reason to doubt that most sentences will continue to fall

within the applicable range." <u>United States v. White</u>, 405 F.3d 208, 219 (4th Cir. 2005).

Here, the sentencing transcript clearly indicates the district court imposed a sentence that was both reasonable and within the statutorily-prescribed range.[*]   It stated that the sentenced imposed was pursuant to <u>Booker</u>'s directions and remarked that it "would have imposed a larger sentence but for [defense counsel's] comments," making clear that it did not deem a sentence below the guidelines range to be appropriate.

Finding no error, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*]Illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a), (b)(2) (2000), carries an imprisonment term of not more than twenty years.  Possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5), 924 (2000), carries an imprisonment term of not more than ten years.